## Commonwealth for, &c. *vs* Kelly *et al.*

INDICTMENT.

ERROR TO THE ESTILL CIRCUIT.

*Case* 144.

*Sheriff's bond. Consequential injury. Relator.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

June 3.

THE single question in this case is, whether the principal debtors in a replevin bond can, as relators, maintain an action against a sheriff for a breach of his official duty,

The case stated.

in falsely returning on a *fi. fa.* on said bond, a less payment than had been been made to him by one of the relators, in consequence of which another execution had been issued for more than remained actually due, and the same relator was compelled, unjustly, to pay again what had been previously paid by him to the sheriff.

The Circuit Judge, being of the opinion that the action could be maintained only on the relation either of the person who had made the double payment, or of all the obligors on the bond, sureties as well as principals, therefore, sustained a demurrer to the declaration.

Our statute authorises the party *"injured"* in such a case, to sue on the sheriff's bond in the name of the Commonwealth. And there can be no doubt that, in judgment of law, all the obligors in the replevin bond were, in the first instance, injured by the false return on the execution thereon; because that return equally concluded all and subjected them, jointly, to the annoyance and coercion of another execution for what had been already paid.

But in an action for the false return, before any special damage had resulted from it, perhaps nominal damages only might have been recovered.

And were it admitted that the technical cause of joint action by all the defendants in the execution was not merged in the right to sue for the special damage subsequently accruing, still the sureties sustained no part of that special damage, and, therefore, could neither release nor recover it or any portion of it. But for the new and distinct injury resulting to the party who was compelled to pay twice, that party being, as to that matter, the party "injured," might sue on the sheriff's bond, and ought not to unite the sureties, because, as they were not liable for contribution, the excessive payment was, in no sense nor for any purpose, theirs or for their use.

And we are of the opinion that a separate action may be maintained for the special injury, by the party injured.

A suit for the special damage, as this seems to be, should be brought on the relation of the person or persons upon whom that damage fell. None of it fell on the sureties.

Two principals in a replevin bond, one makes a payment to the sheriff on an execution thereon, who fails to give the proper credit; a second execution without the credit and payment is a second time coerced from the same individual, such individual, separately, has a right of action for the consequential injury against the sheriff on his bond.

As between the two principals, the false return was not conclusive; and as the cumulative payment does not appear to have resulted from any act or omission of the principal who paid nothing, he could not be compelled to contribute to the principal who paid all, any portion of the superfluous payment. His liability to contribution would be limited to one half the joint debt which was due and properly collectable. He could not be required to contribute to a double payment which his co-principal made erroneously and might have avoided making.

The principal who paid nothing does not appear, therefore, to have been, in any way or to any extent, damnified by the exaction of more than was justly collectable; and not having been injured by that exaction, he should not be joined as relator in an action for the special damage resulting exclusively to another.

Wherefore, it seems to this Court that there was no error in sustaining the demurrer to the declaration; and the judgment of the Circuit Court is, consequently, affirmed.

*Owsley & Goodloe* for plaintiff; *Turner* for defendants.